UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-7455-CAS (Ex) | | Date | April 9, 2013 |
|---|---|---|---|---|
| Title | SHRI SAI SEVA V. SHRI SHIRDI SHAIBABA SANSTHIN LOS ANGELES ET AL. | | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| Catherine Jeang | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants | |
| Not present | | Not present | |

**Proceedings:**   (In Chambers:) DEFENDANTS' MOTIONS TO DISMISS
(filed March 5, 2013) [Dkt. No. 21]

## I.   INTRODUCTION

The Court finds this motion appropriate for decision without oral argument. Fed. R. Civ. P. 78; Local Rule 7-15. Accordingly, the hearing date of April 15, 2013 is vacated, and the matter is hereby taken under submission.

On August 30, 2012, plaintiffs Shri Sai Seva, an unincorporated association appearing on behalf of its individual members, Dilip Chauhan, Jayant Jhaveri, Mohan Korukonoa, Adinarayawa Challuuadi, Shyam Thakur , Dilip Sangani and Vilas Doshi filed suit against defendants Shri Shirdi Sai Baba Sansthin Los Angeles ("Sai Baba"), Prabhakar Tummala, and Does 1–10. Dkt. No. 1. In response to defendants' motion to dismiss, plaintiffs filed a first amended complaint ("FAC") on February 19, 2013, in which plaintiffs bring a single claim for violations of the Racketeer Influenced and Corrupt Organizations ("RICO") Act, 18 U.S.C. § 1961 et seq. The gravamen of plaintiffs' complaint is that defendants made false representations in order to collect loan proceeds from local banks and monetary donations from plaintiffs to fund a Hindu temple. In addition, plaintiffs allege that defendants used the money they collected for personal use rather than for the temple.

On March 5, 2013, defendants filed a motion to dismiss. Dkt. No. 21. Plaintiffs filed an opposition to defendants' motion on March 28, 2013. Dkt. No. 28. Defendants filed a reply on March 29, 2013. Dkt. No. 30. After considering the parties' arguments, the Court finds and concludes as follows.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-7455-CAS (Ex) | Date | April 9, 2013 |
|---|---|---|---|
| Title | SHRI SAI SEVA V. SHRI SHIRDI SHAIBABA SANSTHIN LOS ANGELES ET AL. | | |

## II. BACKGROUND

Defendant Sai Baba, a non-profit religious organization, founded and operates a Hindu temple in Los Angeles ("the Temple"). FAC ¶ 5. Plaintiffs are longstanding members of the Temple and are affiliated with the Temple by their Hindu practice and devotion. FAC ¶ 8. During the past five years while attending services at the Temple, plaintiffs have donated more than $50,000 to Sai Baba and the Temple. Id. ¶ 9. According to plaintiffs, Sai Baba collects approximately $600,000 from its Temple members each year. Id. In addition, plaintiff Korukonoa has "pledged personal economic monetary guarantees in the approximate amount of $300,000 to local banks . . . on behalf of loans taken . . . by the defendants Sai Baba and Tummala alleged to be done on behalf of Sai Baba and the Temple." Id. ¶ 10.

Plaintiffs allege that defendants procured bank loans by falsely representing to local banks that "Korukonoa. . . is a director and board member of [Sai Baba]." Id. ¶11. Defendant Tummala also allegedly "procured such charitable donations from plaintiff members. . . by falsely representing to plaintiffs that. . . [the named plaintiffs] are directors and board members of [Sai Baba]." Id. ¶¶ 11–12. Defendant allegedly procured the aforementioned loans and donations "by way of the United States Mail and the Internet." Id. ¶¶ 11–12. In addition, plaintiffs allege that defendants have used the money they collected for personal use rather than for the Temple's purposes. Id. ¶ 13. Finally, plaintiffs allege that defendant Tummala has taken sole financial control of the Temple by falsely representing to the Temple's members that he would lend $300,000 to form the Temple and necessarily become the Temple's "sole chairman of the board and president with the right to make the principal decisions. . . [as] to who would sit as a board of director or officer of the Temple." Id. ¶ 14. Plaintiffs allege that Tummala's associates helped Tummala gain and maintain financial control of the Temple. Id. ¶ 15– 17.

## III. LEGAL STANDARD

### A. Fed. R. Civ. P. 12(b)(6)

A Rule 12(b)(6) motion tests the legal sufficiency of the claims asserted in a complaint. "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-7455-CAS (Ex) | Date | April 9, 2013 |
|---|---|---|---|
| Title | SHRI SAI SEVA V. SHRI SHIRDI SHAIBABA SANSTHIN LOS ANGELES ET AL. | | |

need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "[F]actual allegations must be enough to raise a right to relief above the speculative level." Id.

In considering a motion pursuant to Rule 12(b)(6), a court must accept as true all material allegations in the complaint, as well as all reasonable inferences to be drawn from them. Pareto v. F.D.I.C., 139 F.3d 696, 699 (9th Cir. 1998). The complaint must be read in the light most favorable to the nonmoving party. Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001); Parks Sch. of Bus., Inc. v. Symington, 51 F.3d 1480, 1484 (9th Cir. 1995). However, "[i]n keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 1950 (2009); Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009) ("[F]or a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief.") (citing Twombly and Iqbal); Sprewell, 266 F.3d at 988; W. Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981). Ultimately, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 129 S.Ct. at 1950.

Furthermore, unless a court converts a Rule 12(b)(6) motion into a motion for summary judgment, a court cannot consider material outside of the complaint (e.g., facts presented in briefs, affidavits, or discovery materials). In re American Cont'l Corp./Lincoln Sav. & Loan Sec. Litig., 102 F.3d 1524, 1537 (9th Cir. 1996), rev'd on other grounds sub nom Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach, 523 U.S. 26 (1998). A court may, however, consider exhibits submitted with or alleged in the complaint and matters that may be judicially noticed pursuant to Federal Rule of Evidence 201. In re Silicon Graphics Inc. Sec. Litig., 183 F.3d 970, 986 (9th Cir. 1999); Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-7455-CAS (Ex) | Date | April 9, 2013 |
|---|---|---|---|
| Title | SHRI SAI SEVA V. SHRI SHIRDI SHAIBABA SANSTHIN LOS ANGELES ET AL. | | |

For all of these reasons, it is only under extraordinary circumstances that dismissal is proper under Rule 12(b)(6). United States v. City of Redwood City, 640 F.2d 963, 966 (9th Cir. 1981).

As a general rule, leave to amend a complaint which has been dismissed should be freely granted. Fed. R. Civ. P. 15(a). However, leave to amend may be denied when "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." Schreiber Distrib. Co. v. Serv-Well Furniture Co., 806 F.2d 1393, 1401 (9th Cir. 1986); see Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000).

**B.     Fed. R. Civ. P. 9(b)**

Federal Rule of Civil Procedure 9(b) requires that the circumstances constituting a claim for fraud be pled with particularity. Federal Rule of Civil Procedure 9(b) applies not just where a complaint specifically alleges fraud as an essential element of a claim, but also where the claim is "grounded in fraud" or "[sounds] in fraud." Vess v. Ciba-Geigy Corp. U.S.A., 317 F.3d 1097, 1103–04 (9th Cir. 2003). A claim is said to be "grounded in fraud" or "'sounds in fraud'" where a plaintiff alleges that defendant engaged in fraudulent conduct and relies on solely on that conduct to prove a claim. Id. "In that event, . . . the pleading of that claim as a whole must satisfy the particularity requirement of [Fed. R. Civ. P.] 9(b)." Id. However, where a plaintiff alleges claims grounded in fraudulent and non fraudulent conduct, only the allegations of fraud are subject to heightened pleading requirements. Id. at 1104.

A pleading is sufficient under Fed. R. Civ. P. 9(b) if it "[identifies] the circumstances constituting fraud so that the defendant can prepare an adequate answer from the allegations." Walling v. Beverly Enters., 476 F.2d 393, 397 (9th Cir. 1973). This requires that a false statement must be alleged, and that "circumstances indicating falseness" must be set forth. In re GlenFed Sec. Litig., 42 F.3d 1541, 1548 (9th Cir. 1994). Thus, Rule 9(b) requires a plaintiff to "identify the 'who, what, when, where and how of the misconduct charged,' as well as 'what is false or misleading about [the purportedly fraudulent conduct], and why it is false.'" Cafasso, ex rel. United States v.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-7455-CAS (Ex) | Date | April 9, 2013 |
|---|---|---|---|
| Title | SHRI SAI SEVA V. SHRI SHIRDI SHAIBABA SANSTHIN LOS ANGELES ET AL. | | |

Gen. Dynamics C4 Sys., Inc., 637 F.3d 1047, 1055 (9th Cir. 2011) (quoting Ebeid ex rel. United States v. Lungwitz, 616 F.3d 993, 998 (9th Cir. 2010)).

## IV.   DISCUSSION

The Court finds that plaintiffs have not pled sufficient facts to state a RICO claim based on mail and wire fraud.  To state a claim under RICO, a plaintiff must allege that a defendant engaged in: "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity and, additionally, must establish that (5) the defendant caused injury to plaintiff's business or property."  Chaset v. Fleer/Skybox Int'l, LP, 300 F.3d 1083, 1086 (9th Cir. 2002).  Racketeering activity is defined to include a number of predicate acts, including mail and wire fraud.  18 U.S.C. § 1961(1).  Mail fraud, in turn, requires proof that a defendant (1) formed a scheme to defraud, (2) used the mails in furtherance of that scheme, and (3) "did so with the specific intent to deceive or defraud."  Miller v. Yokohama Tire Corp., 358 F.3d 616, 620 (9th Cir. 2004).  A plaintiff must plead the factual circumstances of alleged mail and wire fraud with particularity pursuant to Fed. R. Civ. P. 9(b).  Odom v. Microsoft Corp., 486 F.3d 541, 554 (9th Cir. 2007).

Here, plaintiffs fail to plead the factual circumstances of defendants' alleged mail and wire fraud with sufficient particularity.  Plaintiffs allege that defendants used the mail and Internet to "procure. . . charitable donations from plaintiff members. . . by falsely representing to plaintiffs that. . . [they] are directors and board members of [Sai Baba]."  FAC ¶12.  Similarly, plaintiffs allege that defendants used the mail and Internet to procure bank loans by representing to the bank that plaintiff Korukonoa who secured the loans is a director and board member of Sai Baba.  Id. ¶ 11.  However, plaintiffs have not plead facts about where, when, who and how the alleged representations were made.  Moreover, plaintiffs have not alleged what representations each particular defendant made and how the representations were false.  Therefore, plaintiffs' complaint does not sufficiently plead a RICO claim based on mail and wire fraud.  If plaintiffs elect to amend their RICO claim,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-7455-CAS (Ex) | Date | April 9, 2013 |
|---|---|---|---|
| Title | SHRI SAI SEVA V. SHRI SHIRDI SHAIBABA SANSTHIN LOS ANGELES ET AL. | | |

plaintiffs must do so in accordance with the RICO case statement set forth as Exhibit A to this Order.[1]

### V. CONCLUSION

In accordance with the foregoing, the Court hereby GRANTS defendants' motion to dismiss without prejudice. Plaintiffs shall have **thirty (30) days** to file an amended complaint correcting the deficiencies identified herein.

IT IS SO ORDERED.

|  | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | | CMJ | |

---

[1] For example, without alleging additional facts about the alleged mail or wire fraud, plaintiffs have not plead the existence of a "pattern" of racketeering activity, such that the alleged mail or wire fraud constituted "a series of separate, related acts." and that "they amount to or pose a threat of continued criminal activity." Sever v. Alaska Pulp Corp., 987 F.2d 1529, 1535 (9th Cir. 1992).

# Exhibit A

Plaintiff shall file, within twenty (20) days hereof, a RICO case statement.  If plaintiff does not file and serve a RICO case statement within twenty (20) days hereof, this will be deemed plaintiff's withdrawal of the RICO claim.  If plaintiff files a RICO case statement within twenty days, the complaint will be deemed amended to include the RICO case statement.

The RICO case statement shall include the facts plaintiff is relying upon to initiate this RICO claim as a result of the "reasonable inquiry" required by Rule 11 of the Federal Rules of Civil Procedure.  In particular, this statement shall be in a form which uses the numbers and letters as set forth below, and shall state in detail and with specificity the following information.

1. State whether the alleged unlawful conduct is in violation of 18 U.S.C. § 1962(a), (b), (c), and/or (d).

2. List each defendant and state the alleged misconduct and basis of liability of each.

3. List the alleged wrongdoers, other than the defendants listed above, and state the alleged misconduct of each wrongdoer.

4. List the alleged victims and state how each victim was allegedly injured.

5. Describe in detail the pattern of racketeering activity or collection of unlawful debts alleged for each RICO claim.  A description of the pattern of racketeering shall include the following information:

    a. List the alleged predicate acts and the specific statutes which were allegedly violated;
    b. Provide the dates of the predicate acts, the participants in the predicate acts, and a description of the facts surrounding the predicate acts;
    c. If the RICO claim is based on the predicate offense of fraud, the "circumstances constituting fraud . . . shall be stated with particularity."  Fed. R. Civ. P. 9(b).  Identify the time, place and contents of the alleged misrepresentations, and the identity of persons to whom and by whom the alleged misrepresentations were made;
    d. State whether there has been a criminal conviction for violation of the predicate acts;
    e. State whether civil litigation has resulted in a judgment with respect to the predicate acts;

    f. Describe how the predicate acts form a "pattern of racketeering activity"; and

    g. State whether the alleged predicate acts relate to each other as part of a common plan. If so, describe in detail.

6. Describe in detail the alleged enterprise for the RICO claim. A description of the enterprise shall include the following information:

    a. State the names of the individuals, partnerships, corporations, associations, or other legal entities, which allegedly constitute the enterprise;

    b. Describe the structure, purpose, function and course of conduct of the enterprise;

    c. State whether any defendants are employees, officers or directors of the alleged enterprise;

    d. State whether any defendants are associated with the alleged enterprise;

    e. State whether you are alleging that the defendants are individuals or entities separate from the alleged enterprise, or that the defendants are the enterprise itself, or members of the enterprise; and

    f. If any defendants are alleged to be the enterprise itself, or members of the enterprise, explain whether such defendants are perpetrators, passive instruments, or victims of the alleged racketeering activity.

7. State and describe in detail whether you are alleging that the pattern of racketeering activity and the enterprise are separate or have merged into one entity.

8. Describe the alleged relationship between the activities of the enterprise and the pattern of racketeering activity. Discuss how the racketeering activity differs from the usual and daily activities of the enterprise, if at all.

9. Describe what benefits, if any, the alleged enterprise receives from the alleged pattern of racketeering.

10. Describe the effect of the activities of the enterprise on interstate or foreign commerce.

11. If the claim alleges a violation of 18 U.S.C. § 1962(a), provide the following information:

        a.      State who received the income derived from the pattern of racketeering activity or through the collection of an unlawful debt; and

        b.      Describe the use or investment of such income.

12.    If the claim alleges a violation of 18 U.S.C. § 1962(b), describe in detail the acquisition or maintenance of any interest in or control of the alleged enterprise.

13.    If the claim alleges a violation of 18 U.S.C. § 1962(c), provide the following information:

        a.      State who is employed by or associated with the enterprise; and

        b.      State whether the same entity is both the liable "person" and the "enterprise" under § 1962(c).

14.    If the claim alleges a violation of 18 U.S.C. § 1962(d), describe in detail the alleged conspiracy.

15.    Describe the alleged injury to business or property.

16.    Describe the direct causal relationship between the alleged injury and the violation of the RICO statute.

17.    List the damages sustained for which each defendant is allegedly liable.